1    **WO**

2

3

4

5

6              **IN THE UNITED STATES DISTRICT COURT**

7                **FOR THE DISTRICT OF ARIZONA**

8

9    Michael Allen Robertson,                    No. CV-22-01983-PHX-GMS

10                 Plaintiff,                     **ORDER**

11   v.

12   Lisa Millett, et al.,

13                 Defendants.

14

15

16         Pending before the Court is Defendant Mike Faust's Motion to Dismiss (Doc. 4)

17   and Plaintiff Michael Robertson's Motion to Remove Mark Brnovich as a Defendant

18   (Doc. 9).  For the following reasons, the Court grants in part and denies in part Defendant

19   Faust's motion, and grants Plaintiff's request.

20                            **BACKGROUND**

21         This case arises from an Arizona Depart of Child Safety ("DCS") investigation that

22   led to Plaintiff's parental rights being severed.  (Doc. 1-3 at 10–12.)  On September 27,

23   2022, Plaintiff filed a Complaint (Doc. 1-3) in the Maricopa County Superior Court for the

24   State of Arizona against seven defendants alleging civil rights violations under 42 U.S.C.

25   § 1983, violations under Title II of the American Disabilities Act ("ADA"), 42 U.S.C

26   §§ 12131–12165, "and violations of Plaintiff's constitutional rights protected under"

27   Amendments One, Five, and Fourteen of the United States Constitution.  (Doc. 1-3 at 4,

28   6).  Defendants Faust and Brnovich filed a Notice of Removal from State Court (Doc. 1)

1   on November 22, 2022, removing the action to this Court pursuant to 28 U.S.C. § 1331.

2   (Doc. 1 at 2.)  On November 28, 2022, Defendant Faust filed a Motion to Dismiss Count

3   XI with prejudice.  (Doc. 4 at 1.)  Plaintiff then filed a Motion to Remove Mark Brnovich

4   as a Defendant (Doc. 9) on December 20, 2022.

5                                **DISCUSSION**

6   **I.    Motion to Dismiss Count XI**

7           **A.  Legal Standard**

8           Federal Rule of Civil Procedure 8(a) requires a complaint to contain "a short and

9   plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P.

10  8(a), so that the defendant receives "fair notice of what the . . . claim is and the grounds

11  upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley*

12  *v. Gibson*, 355 U.S. 41, 47 (1957)) (omission in original).  To survive a motion to dismiss

13  for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint

14  must contain factual allegations sufficient to "raise a right to relief above the speculative

15  level." *Id.*  When analyzing a complaint for failure to state a claim, "allegations of material

16  fact are taken as true and construed in the light most favorable to the nonmoving party."

17  *Buckey v. Cnty. of L.A.*, 968 F.2d 791, 794 (9th Cir. 1992).  Legal conclusions couched as

18  factual allegations, however, are not given a presumption of truthfulness, and "conclusory

19  allegations of law and unwarranted inferences are not sufficient to defeat a motion to

20  dismiss." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).

21          **B.  Analysis**

22          Plaintiff sues Defendant Faust in his individual capacity for violating Plaintiff's

23  rights under the Title II of the ADA, 42 U.S.C §§ 12131–12165, and 42 U.S.C. § 1983.

24  (Doc. 1-3 at 67, 71; Doc. 4 at 4.)  Plaintiff asserts that (1) Defendant Faust "violated the

25  Plaintiff's ADA and civil rights, by supervising those [other d]efendants who violated

26  Plaintiff's rights," and (2) by failing to act or "resolve these civil rights violations makes[,

27  Defendant Faust] directly responsible as the [other defendants] for these several civil and

28  ADA violations."  (*Id.* at 72.)

1

### 1.  ADA Claims

To state a claim under Title II of the ADA, "a plaintiff must show: (1) he is a 'qualified individual with a disability'; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability."  *Weinreich v. L.A. Cnty. Metro. Transp. Auth.*, 114 F.3d 976, 978 (9th Cir. 1997) (quoting 42 U.S.C. § 12132).  "The proper defendant for a claim under Title II of the ADA . . . is the public entity responsible for the alleged discrimination" or an official acting in their official capacity, not a public official acting in their individual capacity.  *Mitchell v. Kim*, No. 20-CV-04114-YGR (PR), 2021 WL 148241, at *4 (N.D. Cal. Jan. 15, 2021) (citing *Everson v. Leis*, 556 F.3d 484, 501 n. 7 (6th Cir. 2009)).  Because Plaintiff is suing Defendant Faust in his individual capacity for violating Plaintiff's rights under Title II of the ADA, Plaintiff's ADA claims are dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

### 2.  Section 1983 Claims

To establish a claim under 42 U.S.C. § 1983, a plaintiff must: (1) allege a "violation of a right secured by the Constitution and laws of the United States" and (2) "show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).

Count XI's section 1983 claim is one of supervisory liability.  "Under Section 1983, supervisory officials are not liable for actions of subordinates on any theory of vicarious liability.  A supervisor may be liable if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation."  *Hansen v. Black*, 885 F.2d 642, 645–46 (9th Cir. 1989) (internal citation omitted).  "A supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of

1    others." *Starr v. Baca*, 652 F.3d 1202, 1208 (9th Cir. 2011) (quoting *Watkins v. Oakland*,

2    145 F.3d 1087, 1093 (9th Cir.1998)).

3        Here, Plaintiff outlined "several ADA and civil rights violations by the Arizona

4    Department of Child Safety" via two emails to Defendant Faust in August 2021.  (Doc. 1-3

5    at 67.)   After receiving the emails, Plaintiff alleged that Defendant Faust "refused to

6    resolve" the violations made by the "case managers and supervisors under [Defendant

7    Faust's] supervision." (*Id.* at 69.)  Likewise, Defendant Faust refused to act after receiving

8    a letter from Plaintiff's attorney in September 2021 concerning fraudulent evidence being

9    introduced in a parental rights termination hearing.  (*Id.* at 69–71.)  Plaintiff's claims fail

10    for two reasons.

11        First, Plaintiff informed Defendant Faust of the alleged constitutional violations a

12    year or more after the wrongdoing occurred.  The fraudulent evidence was allegedly "filed

13    by DCS between April 3, 2018, and July 25, 2019," as well as in 2020 during a second

14    severance hearing.  (*Id.* at 11–12.)  Plaintiff's claims fail "as a matter of law" because

15    Defendant Faust "was informed of the alleged wrongs *after the fact*." *Sanchez v. Brunson*,

16    No. 09-5068RJB/JRC, 2009 WL 2390344, at *3 (W.D. Wash. July 29, 2009) (emphasis

17    added).   Thus, there is not "a sufficient causal connection between the supervisor's

18    wrongful conduct and the constitutional violation." *Hansen*, 885 F.2d at 646.

19        Second, Plaintiff partially seeks to hold Defendant Faust liable under section 1983

20    for alleged violations of the ADA.  "A plaintiff cannot bring an action under 42 U.S.C.

21    § 1983 against a State official in [their] individual capacity to vindicate rights created by

22    Title II of the ADA." *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002).

23        Thus, Plaintiff's claims against Defendant Faust under 42 U.S.C. § 1983 fail.

24    **II.    Motion to Remove Mark Brnovich as a Defendant**

25        On December 20, 2022, "Plaintiff request[ed] the Court to allow him to amend his

26    complaint to remove Attorney General Mark Brnovich as a Defendant [because] the case

27    has merit without" Defendant Brnovich.  (Doc. 9 at 1.)  Federal Rule of Civil Procedure

28    15(a) permits a party to "amend its pleading once as a matter of course" or "with the

1  opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(1)–(2). "The

2  court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "But a

3  district court need not grant leave to amend where the amendment: (1) prejudices the

4  opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is

5  futile." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).

6          Plaintiff's motion was filed twenty-two days after the filing of Defendant Faust's

7  Rule 12(b)(6) motion. *See* Fed. R. Civ. P. 15(a)(1) (setting a twenty-one-day timeline for

8  amending as a matter of course). Nevertheless, the Court grants Plaintiff's motion to

9  amend his complaint (Doc. 9) because the Court finds no evidence of prejudice, bad faith,

10  undue delay in litigation, or futility.

11          Therefore, Plaintiff's Motion to Remove Mark Brnovich as a Defendant (Doc. 9) is

12  granted.

## CONCLUSION

14          Accordingly,

15          **IT IS ORDERED** that Defendant Mike Faust's Motion to Dismiss (Doc. 4) is

16  **GRANTED IN PART AND DENIED IN PART**. The Court grants Defendant's request

17  to dismiss Count XI of Plaintiff's Complaint without prejudice. The Court denies

18  Defendant's request to dismiss with prejudice. Plaintiff shall file his proposed amended

19  complaint within 30 days from the date of this Order.

20          **IT IS FURTHER ORDERED** that Plaintiff's Motion to Remove Mark Brnovich

21  as a Defendant (Doc. 9) is **GRANTED**.

22          **IT IS FURTHER ORDERED** that Plaintiff must serve the remaining defendants

23  named in the Complaint. If Plaintiff fails to file the Affidavit of Service within 30 days

24  from the date of this Order, the five remaining defendants will be dismissed without

25  prejudice from the lawsuit. This constitutes Plaintiff's notice under Federal Rule of Civil

26  Procedure 4(m).

27          **IT IS FURTHER ORDERED** directing the Clerk of Court to terminate any

28  Defendants in this matter, without further notice, that have not been served within the time

1  required by this Order on **January 25, 2024**.

2      Dated this 21st day of December, 2023.

_G. Murray Snow_
G. Murray Snow
Chief United States District Judge